IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONTEL WOODS, | ) | FILED: APRIL 4, 2008 |
| | ) | 08CV1953    EDA |
| Plaintiff, | ) | JUDGE NORGLE |
| | ) | Case No: MAGISTRATE JUDGE DENLOW |
| v. | ) | |
| | ) | |
| Chicago Police Officer S. P. KELNOSKY, | ) | COMPLAINT FOR VIOLATION OF |
| Star #10972, Chicago Police Officer | ) | CIVIL RIGHTS AND STATE |
| W. D. MURPHY, Star # 19214, | ) | SUPPLEMENTAL CLAIMS |
| Chicago Police Officer C. F. CHMELAR, | ) | |
| Star # 18896, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.  At all times herein mentioned, Plaintiff Montel Woods ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this court.

4.  At all times herein mentioned, Defendant Chicago Police Officer S. P. Kelnosky, Star No. 10972 ("Kelnosky"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer W. D. Murphy, Star No. 19214 ("Murphy"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

6. At all times herein mentioned, Defendant Chicago Police Officer C. F. Chmelar, Star No. 18896 ("Chmelar"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**FACTUAL ALLEGATIONS**

8. On or about the day of July 9, 2007, Plaintiff was at his residence located at 5402 South Justine, Chicago, Illinois.

9. At that place and date, Defendants seized Plaintiff's person and placed him under arrest.

10. Plaintiff did not consent to being seized.

11. There was no legal cause to arrest Plaintiff.

12. Defendant Murphy, one of the arresting officers, has a history of harassing Plaintiff at and/or around his residence.

13. In fact, Defendant Murphy falsely arrested Plaintiff and caused false charges to be brought against Plaintiff on or about April 10, 2007.

14. Plaintiff was then transported to the Ninth District Police Station where he was imprisoned.

15. On or about July 9, 2007, Defendants caused false criminal charges to be brought against Plaintiff for aggravated assault to a police officer.

16. On October 16, 2007, the charges terminated in Plaintiff's favor.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

18. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR FALSE ARREST**

20. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

21. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

22. The arrest of Plaintiff was caused by Defendants without probable cause and was unreasonable. Therefore, the Individual Defendants are liable for this arrest under 42 U.S.C. § 1983.

## COUNT II

**PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR VIOLATION OF HIS DUE PROCESS RIGHTS AND SELECTIVE PROSECUTION**

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

24. By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

25. Defendants deprived Plaintiff of a fair criminal trial by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny Plaintiff a fair trial.

26. Defendants also selectively arrested and prosecuted Plaintiff in violation of his due process rights in retaliation for Plaintiff's prior arrest which terminated in Plaintiff's favor.

27. The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's due process rights. Therefore, the Individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE STATE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

29. Defendants caused criminal charges for aggravated assault to a police officer to be brought against Plaintiff.

30. Defendants, employed by the City of Chicago, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

31. Defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

32. The criminal proceeding against Plaintiff terminated in his favor.

33. The City of Chicago is liable to Plaintiff for the acts of Defendants pursuant to the doctrine of *respondeat superior*.

34. Therefore, the Individual Defendants and the City of Chicago are liable under the state supplemental claim of malicious prosecution.

WHEREFORE, the Plaintiff Montel Woods, by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That Defendants, except the City of Chicago, be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal access to Justice Act, or any other applicable provision;

4. That Defendants, except the City of Chicago, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem proper.

Respectfully Submitted,

s/Meghan A. Gonnissen
Meghan A. Gonnissen
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

- 7 -

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

    s/<u>Meghan A. Gonnissen</u>
Meghan A. Gonnissen
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

Case 1:08-cv-01953  Document 1  Filed 04/04/2008  Page 7 of 7

- 7 -

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**