UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONTEL WOODS; | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1953 |
| | ) | |
| vs. | ) | |
| | ) | |
| Chicago Police Officer, S.P. Kelnosky, | ) | Judge Norgle |
| Star #10972, Chicago Police Officer W.D. | ) | |
| MURPHY, Star #19214, Chicago Police | ) | Magistrate Judge Denlow |
| Officer C.F. CHMELAR, Star #18896, and | ) | |
| CITY OF CHICAGO, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' CITY OF CHICAGO, KELNOSKY, MURPHY AND CHLEMAR'S ANSWER TO PLAINTIFF'S FIRST COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants, City of Chicago by its attorney, Mara S. Georges, (herein referred to as "City"), Defendant Chicago Police Officers Steven Kelnosky, Christopher Chmelar and William Murphy, (herein after referred to as "Defendant Officers") by one of their attorneys, Suyon Reed, Assistant Corporation Counsel, hereby submit their answers to Plaintiff's Complaint, affirmative defenses, and jury demand to as follows[1]:

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

    **ANSWER:**   Admit.

2.  Venue is founded in this judicial court upon 28 U.S.C. section 1391 as the acts complained of arose in this district.

    **ANSWER:**   Admit.

---

[1] Defendants City of Chicago, Steven Kelnosky, Christopher Chlemar and William Murphy herein referred collectively to as "Defendants".

## PARTIES

3. At all times herein mentioned, Plaintiff Montel Woods ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this court.

**ANSWER:** Defendants lack sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.

4. At all times herein mentioned, Defendant Chicago Police Officer S.P. Kelnosky, Star No. 10972 ("Kelnosky"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Admit. Defendants deny any wrongful conduct complained of herein.

5. At all times herein mentioned, Defendant Chicago Police Officer W.D. Murphy, Star No. 19214 ("Murphy"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Admit. Defendants deny any wrongful conduct complained of herein.

6. At all times herein mentioned, Defendant Chicago Police Officer C.F. Chmelar, Star No. 18896 ("Chmelar"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** Admit. Defendants deny any wrongful conduct complained of herein.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**ANSWER:** Admit. Defendants deny any wrongful conduct complained of herein.

## FACTUAL ALLEGATIONS

8. On or about day of July 9, 2007, Plaintiff was at his residence located at 5402 South Justine, Chicago, Illinois.

**ANSWER:** Based on information and belief, Defendants admit plaintiff resides at 5402

South Justine.

9. At that place and date, Defendants seized Plaintiff's person and placed him under arrest.

**ANSWER:** Defendants admit that plaintiff was placed under arrest at 1553 West 54th Street. Defendants deny the remaining allegations contained in this paragraph.

10. Plaintiff did not consent to being seized.

**ANSWER:** Defendants Officers admit the allegations contained in this paragraph. City lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph. Defendants deny any wrongful conduct complained of herein.

11. There was no legal cause to arrest plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

12. Defendant Murphy, one of the arresting officers, has a history of harassing plaintiff at and/or around his residence.

**ANSWER:** Defendant Murphy denies the allegations contained in this paragraph. The remaining defendants lack sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.

13. In fact, Defendant Murphy falsely arrested Plaintiff and caused false charges to be brought against Plaintiff on or about April 10, 2007.

**ANSWER:** Defendant Murphy denies the allegations contained in this paragraph, specifically that the charges brought against plaintiff were false. The remaining defendants lack sufficient information or knowledge to form a belief as to the truth of the matters asserted in this paragraph.

14. Plaintiff was then transported to the Ninth District Police Station where he was imprisoned.

**ANSWER:** Defendants admit that the plaintiff was transported to the Ninth District after he was arrested on July 9, 2007. Defendants deny any wrongful conduct complained of herein.

15. On or about July 9, 2007, Defendants caused false criminal charges to be brought against Plaintiff for aggravated assault to a police officer.

**ANSWER:** Defendants deny the criminal charges were false. Defendants admit that plaintiff was charged with aggravated assault to a police officer.

16. On October 16, 2007, the charges terminated in Plaintiff's favor.

**ANSWER:** Defendants admit the charges were stricken with leave to reinstate on October 16, 2007. Defendants deny any wrongful conduct complained of herein.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
### PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR FALSE ARREST

20. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and restate their answers to paragraphs one

(1) through nineteen (19) as if fully stated herein.

21.  By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**  Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

22.  The arrest of Plaintiff was caused by Defendants without probable cause and was unreasonable. Therefore, the Individual Defendants are liable for this arrest under 42 U.S.C. § 1983.

**ANSWER:**  Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT I of Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II

### PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR VIOLATION OF HIS DUE PROCESS RIGHTS AND SELECTIVE PROSECUTION

23.  Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:**  Defendants hereby incorporate and restate their answers to paragraphs one (1) through nineteen (19) as if fully stated herein.

24.  By reason of conduct of Defendants, Plaintiff was deprived of rights, privileges, and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States.

**ANSWER:**  Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

25. Defendants deprived Plaintiff of a fair criminal trial by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny Plaintiff a fair trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

26. Defendants also selectively arrested and prosecuted Plaintiff in violation of his due process rights in retaliation for Plaintiff's prior arrest which terminated in Plaintiff's favor.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

27. The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore in violation of Plaintiff's due process rights. Therefore, the Individual Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT II of Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II (SIC)

**PLAINTIFF AGAINST ALL DEFENDANTS FOR THE STATE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION**

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

**ANSWER:** Defendants hereby incorporate and restate their answers to paragraphs one

(1) through nineteen (19) as if fully stated herein.

29. Defendants caused criminal charges for aggravated assault to a police officer to be brought against Plaintiff.

**ANSWER:** Defendants admit that only that plaintiff was charged with aggravated assault to a police officer, specifically Defendant Kelnosky.

30. Defendants, employed by the City of Chicago, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

31. Defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

32. The criminal proceeding against Plaintiff terminated in his favor.

**ANSWER:** Defendants admit the criminal charges were stricken with leave to reinstate.

33. The City of Chicago is liable to Plaintiff for the acts of Defendants pursuant to the doctrine of *respondeat superior.*

**ANSWER:** Defendants deny the wrongful acts complained of herein, but admit the doctrine of *respondeat superior* provides that the City of Chicago can be held liable for wrongful acts of its employees.

34. Therefore, the Individual Defendants and the City of Chicago are liable under the

state supplemental claim of malicious prosecution.

**ANSWER:**   Defendants deny the wrongful acts complained of herein, and further deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT II (sic), State Supplemental Claim of Malicious Prosecution, of Plaintiff's Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendants, Steven Kelnosky, Christopher Chmelar and William Murphy are government officials who perform discretionary functions and are entitled to qualified immunity. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendants could have believed their actions to be lawful, in light of clearly established law and the information that defendants possessed.  Defendant Officers, therefore, are entitled to qualified immunity as a matter of law on Plaintiff's federal claims.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, and verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with a degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3. Where Defendants may be liable in damages, the amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault, in proportion to the amount of the intentional, willful and wanton and negligent conduct of the Plaintiff which was the proximate cause of his injuries.

4. Defendant Officers are not liable for any of plaintiff's claims because they cannot be held liable for acts or omissions of other people. Under the Tort Immunity Act, Defendant Officers are not liable for any of plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. "'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.'" Payne v. Chuchich, 161 F.3d 1030, 1039 (7th Cir. 1998) (citations omitted).

6. To the extent that plaintiff has alleged any state law claims, if Defendants are liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff, which was the proximate cause of these injuries and damages. Any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7. To the extent plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against municipality or its employees is one year. 745 ILCS 10/8-101 (West 2006). All state law claims directed to Defendants that are beyond the one year period should be dismissed as beyond the statute of limitations.

8.  As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (West 2006).

9.  That any injuries or damages claimed by the Plaintiff against Defendants was caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2002) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## JURY DEMAND

Defendants City of Chicago, Steven Kelnosky, Christopher Chmelar and William Murphy respectfully demand a trial by jury of this cause.

Respectfully submitted,

/s/ Suyon Reed
SUYON REED
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973

## CERTIFICATE OF SERVICE

I, Suyon Reed, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' CITY OF CHICAGO, KELNOSKY, MURPHY AND CHLEMAR'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND,** to be sent via e-filing to the person named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on 2nd day of June, in accordance with the rules on electronic filing of documents.

Respectfully submitted,

/s/ Suyon Reed
SUYON REED
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973